IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARC C. PORTER                                                                              PLAINTIFF

v.                                                                 CAUSE NO. 3:12 -cv-842-CWR-FKB

GEORGIA-PACIFIC CHEMICALS                                                               DEFENDANTS
LLC, et al.

MEMORANDUM ORDER

The above-styled cause is before the Court on the plaintiff's motion to remand. Docket No. 3. The Court has reviewed the Complaint, as well as the parties' arguments concerning the motion to remand. The motion is provisionally GRANTED.

This case was filed in state court on November 7, 2012. The defendants removed on December 12, 2012, claiming that this Court had jurisdiction under 28 U.S.C. § 1332(a). Docket No. 1. Section 1332(a) limits the original jurisdiction of district courts to "civil actions where the matter in controversy exceeds the sum or value of $75,000," exclusive of interests and costs. The defendants argue that removal is proper because, under state law, the plaintiff may be entitled to damages that exceed the jurisdictional minimum and might amend his pleading to do so, if this case were remanded to state court.

Courts generally perform amount-in-controversy analysis by "looking only to the face of the complaint and asking whether the amount in controversy exceeds the jurisdictional threshold." *Ervin v. Sprint Commc'ns Co. LP*, 364 F. App'x 114, 117 (5th Cir. 2010) (alterations, citation, and quotation marks omitted).

Here, the plaintiff gives no indication on the face of the Complaint that he seeks damages in excess of the jurisdictional minimum. Indeed, his Complaint specifies that he seeks "judgment of and from the Defendants, jointly and severally, in the amount of $74,500.00 and all costs of

Court." Docket No. 1-2, at 3. And if, despite this language, there remained any doubt, the plaintiff has also filed an affidavit, averring that he will "neither accept nor seek no more than Seventy-Five Thousand Dollars ($75,000.00) in damages from the Defendants, Georgia-Pacific Chemicals LLC and Georgia Pacific LLC." Docket No. 4-1.

Post-removal affidavits are permitted so long as they clarify a complaint that previously left the jurisdictional question ambiguous. *ANPAC v. Dow Quimica,* 988 F.2d 559, 565 (5th Cir.1993) *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas,* 145 F.3d 211 (5th Cir.1998); *Hughes v. Safeco Ins. Co. of Illinois*, No. 3:11-cv-200, 2011 WL 8198662 (S.D. Miss. June 14, 2011); *accord. Brown v. Wal-Mart Store, Inc.*, No. 2:12-cv-125, 2012 WL 4027312, at *4 n.6 (S.D. Miss. Sept. 12, 2012) (collecting cases that consider a post-removal affidavit in determining the amount in controversy under § 1332(a)). And the defendants have provided no reason for the Court to consider the affidavit to be submitted in bad faith. *But cf. De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) ("The face of the plaintiff's pleading will not control if made in bad faith.").

The Court, however, is concerned by the affidavit's silence on whether the plaintiff would, at some point in the future, amend his complaint for the purpose of claiming damages in excess of the jurisdictional minimum. Such an amendment would again subject the case to removal, and would also raise the serious question of whether the plaintiff committed fraud on the Court by filing his affidavit solely for purposes of precluding federal jurisdiction. *Hughes*, 2011 WL 8198662, at *2.

Accordingly,

IT IS ORDERED AND ADJUGDED that the Court will grant the motion to remand, provided that the plaintiff files with this Court, within ten (10) days of the entry of this Order, an

affidavit stating, "without qualifiers or equivocation that [he] is not seeking an amount greater than $75,000, exclusive of interest and costs; that [he] will not amend [his] complaint to seek damages in excess of $75,000, exclusive of interest and costs; and, that under no circumstances will [he] accept an amount greater than $75,000, exclusive of interest and costs, for damages of any kind as a result of the circumstances alleged" in his Complaint. *Brown*, 2012 WL 4027312, at *5 (citations omitted). Upon receipt of the compliant affidavit, an Order of Remand shall issue.

    **SO ORDERED**, this 11th day of July, 2013.

                                                      s/ Carlton W. Reeves
                                                      UNITED STATES DISTRICT JUDGE